UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LA TAUSHA SIMMONS,

    Plaintiff,

v.

                    Civil Case No. 21-10955
                    Honorable Linda V. Parker

DJANIQUE CHARLESTON and
JOHN DOE PRIVATE INVESTIGATOR
FOR THE DETROIT POLICE DEPARTMENT,

    Defendants.
_____/

## **OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING COMPLAINT**

On April 27, 2019, Plaintiff filed this lawsuit against her neighbor, Djanique Charleston, and an unidentified private investigator for the Detroit Police Department. In her 15-count Complaint, Plaintiff asserts various state law claims and violations of her federal constitutional rights under 42 U.S.C. § 1983. Plaintiff also alleges a conspiracy to violate her civil rights under 42 U.S.C. § 1985. Federal subject matter jurisdiction is premised on Plaintiff's federal claims. Plaintiff has filed an application to proceed in forma pauperis in this matter, which the Court is granting.

Complaints filed by a plaintiff proceeding in forma pauperis are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) requires

district courts to dismiss complaints that are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). Under Federal Rule of Civil Procedure 8(a), a pleading must contain both a "short and plain statement of the grounds for the court's jurisdiction" and a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but must present "enough facts to state a claim to relief that is plausible on its face," *id.* at 570. To satisfy this standard, the complaint must provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Even when liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff's Complaint does not include facts supporting plausible federal civil rights claims against Defendants.

Federal jurisdiction in this matter is dependent on Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985.[1] A plaintiff alleging a claim under § 1983 "must demonstrate a deprivation of a right secured by the Constitution or laws of the

---

[1] Count XII of Plaintiff's Complaint is titled "Violation of Fourth and Fourteenth Amendments" (Compl. at 35, ECF No. 2 at Pg ID 37); however, 42 U.S.C. § 1983 is the necessary vehicle for Plaintiff to vindicate her rights under those amendments.

2

United States caused *by a person acting under color of state law*." *Westmoreland v. Sutherland*, 662 F.3d 714, 718 (6th Cir. 2011) (emphasis added) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). The plaintiff "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original).

Plaintiff does not identify any specific conduct by the unidentified "private investigator" in her Complaint.[2] There is no indication that this individual was involved in Plaintiff's alleged unlawful arrest or imprisonment.[3] The most Plaintiff says in regards to this defendant is that "Defendant Charleston's relative informed Plaintiff that Defendant John Doe Investigator, a Detroit police officer, was waiting at all times of the night for Plaintiff, was gathering information on Plaintiff, including her work schedule and Plaintiff's child." (Compl. ¶ 17, ECF No. 2 at Pg ID 8.) Even if this defendant was engaged in the conduct allegedly

---

[2] Despite Plaintiff's label for this defendant, she alleges that this individual was employed as a police officer with the Detroit Police Department. (Compl. ¶ 12, ECF No. 2 at Pg ID 8.)

[3] In her Complaint, Plaintiff identifies specific conduct by Detroit police officers Swafford, Boone, and Boatman; however, they are not named as defendants in this action. They are named in another lawsuit filed by Plaintiff, which has been dismissed. *See, Simmons v. Swafford, et al.*, No. 19-11595 (E.D. Mich. filed May 30, 2019).

reported by Defendant Charleston's relative, such conduct does not plausibly support a civil rights violation.

Generally, private parties like Defendant Charleston are not state actors unless their actions are "fairly attributable to the state." *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). "[T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful.'" *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). However, a private party that has conspired with state officials to violate constitutional rights qualifies as a state actor and may be held liable under § 1983. *Moore v. City of Paducah*, 890 F.2d 832, 834 (6th Cir. 1989); *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985). Further, under Sixth Circuit Court precedent, a private party's conduct may be attributable to the state under one of three tests: the public function test, the state compulsion test, or the nexus test. *Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (2004) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). In summary,

> [t]he public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close

> relationship between the state and the private actor so that the action taken may be attributed to the state.

*Id.* (quotation marks and internal citations omitted).

While Plaintiff states repeatedly in her Complaint that Defendant Charleston "conspired and colluded" with City of Detroit police officers, the pleading is devoid of facts to support these labels. The facts do not show how state actors conspired, encouraged, or coerced Defendant Charleston to assault and batter Plaintiff or destroy Plaintiff's property. Plaintiff does allege that Defendant Charleston provided false information to City of Detroit police officers not named in the present action, leading to her alleged false arrest and imprisonment. Nevertheless, "[p]roviding information to police, responding to questions about a crime, and offering testimony at a criminal trial does not expose a private individual to liability for actions taken under color of law" even if the information provided is false and offered in bad faith. *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009). The allegations in the Complaint neither suggest that Defendant Charleston "exercise[d] powers which are traditionally exclusively reserved to the state" nor support "a sufficiently close relationship between the state and [Defendant Charleston.]"

In short, Plaintiffs' Complaint in no way suggests conduct by Defendant Charleston that is "fairly attributable to the state" under any of the above tests. Nor do Plaintiff's allegations suggest a conspiracy between Defendant and state

5

officials. Therefore, the Court concludes that Plaintiff's §§ 1983 and 1985 claims against Defendants are frivolous and must be dismissed. Because Plaintiff's federal claims are completely devoid of merit, the Court concludes that it is appropriate to dismiss her Complaint for lack of subject matter jurisdiction.[4] *Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515, 519 (6th Cir. 2006) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)) (additional citations omitted).

Accordingly,

**IT IS ORDERED** that Plaintiff's application for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2);

**IT IS FURTHER ORDERED** that Plaintiff's federal claims (Counts III, IV, VI, VII, XII, and XV) are **DISMISSED WITH PREJUDICE**, and Plaintiff's state law claims (Counts I, II, V, VIII-XI, and XIII-XIV) are **DISMISSED**

---

[4] Even if subject matter jurisdiction were not lacking, dismissal of Plaintiff's federal claims is appropriate for failure to state a claim and the Court would decline to exercise supplemental jurisdiction over her state law claims. *See* 28 U.S.C. § 1367(c)(3).

**WITHOUT PREJUDICE**.

    **IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: May 7, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 7, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager